# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 27, 2022

Lyle W. Cayce
Clerk

No. 21-60176
Summary Calendar

Juventino Enrique Marroquin-Flores,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 206 508 281

Before Davis, Jones, and Higginson, *Circuit Judges*.

Per Curiam:*

Juventino Enrique Marroquin-Flores, a native and citizen of El
Salvador, petitions for review of a decision of the Board of Immigration
Appeals (BIA) dismissing his appeal from a decision of the Immigration
Judge (IJ) concluding that he was ineligible for asylum, withholding of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

removal, and relief under the Convention Against Torture (CAT). He challenges the BIA's conclusions that he has not shown eligibility for asylum and withholding because he failed to show that he was a member of a cognizable particular social group (PSG) and failed to establish a nexus between the harm and a protected ground. He also challenges the BIA's conclusion that he has not shown eligibility for CAT relief. These arguments are reviewed under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Marroquin-Flores has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he belonged to a cognizable PSG and whether he established a nexus between the harm and a protected ground. *See Jaco v. Garland*, 24 F. 4th 395, 403-06 (5th Cir. 2021); *Orellana-Monson v. Holder*, 685 F.3d 511, 522 (5th Cir. 2012); *Zhang*, 432 F.3d at 344. Additionally, Marroquin-Flores fails to show that the record compels a conclusion contrary to the BIA's that he failed to establish that it was more likely than not that he would be tortured by or with the acquiescence of a government official were he repatriated to El Salvador. *See Zhang*, 432 F.3d at 344.

His argument that the BIA failed to consider country conditions in denying CAT relief is without merit. That the BIA did not specifically refer to this evidence does not mean that the BIA did not consider it. *See Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002). Furthermore, Marroquin-Flores fails to point to any specific country-conditions evidence that would compel the conclusion that he is eligible for CAT protection. Marroquin-Flores's contention that the BIA erred in relying on *In re J-F-F-*, 23 I. & N. Dec. 912 (A.G. 2006), and *Iruegas-Valdez v. Yates*, 846 F.3d 806 (5th Cir. 2017), fails as he does not demonstrate a realistic possibility that, had the BIA not relied

them, it would have reached a different conclusion. *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010) (holding that this court can affirm despite a BIA error where there is not a realistic possibility that, absent the error, the BIA would have reached a different conclusion).

Finally, Marroquin-Flores contends that the BIA erred in deeming the IJ's failure to consider the viability of relocation within El Salvador to be harmless error. However, Marroquin-Flores fails to articulate how the IJ's consideration of his ability to relocate within El Salvador would have caused the IJ or BIA to grant him CAT relief, where the IJ and BIA expressly denied relief on the independently dispositive ground that he failed to show that it was more likely than not that he would have been tortured by or with the acquiescence of government officials.

The petition for review is DENIED.